## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TODD JACOBS and MARY KATE JACOBS, h/w | : CIVIL ACTION |
| 640 Lincoln Street | : |
| Shoemakersville, PA 19555 | : |
| | : |
| v. | : |
| | : |
| HIXON MANUFACTURING AND SUPPLY CO. | : |
| 1001 Smithfield Drive | : |
| Fort Collins, CO 80524 | : NO. |

## COMPLAINT

### JURISDICTION

1.      This Honorable Court has original jurisdiction pursuant to 28 U.S.C. §
1332 based upon diversity of citizenship between the parties, as plaintiffs are residents
and citizens of the Commonwealth of Pennsylvania, and defendant, Hixon Manufacturing
and Supply Company, is a manufacturer with a principal place of business in Fort
Collins, Colorado, and is a Colorado for-profit corporation.  The citizenship of the parties
is diverse, and the amount in controversy exceeds the sum of $150,000, exclusive of
interests and costs.

### THE PARTIES

2.      Plaintiffs, Todd Jacobs and Mary Kate Jacobs, are residents and citizens
of the Commonwealth of Pennsylvania, residing at 640 Lincoln Street, Shoemakersville,
PA 19555.

3.      Defendant, Hixon Manufacturing and Supply Company ("Hixon"), is a
manufacturer with a primary place of business in Fort Collins, Colorado, and is registered
as a Colorado for-profit corporation.  Defendant Hixon regularly does business within the

Commonwealth of Pennsylvania, and maintains regular, systematic and continuous contacts there, by marketing, selling, and distributing its products in the Commonwealth of Pennsylvania.

**STATEMENT OF FACTS**

4.      On September 7, 2000, plaintiff Todd Jacobs was working as a surveyor in the course and scope of his employment for Stackhouse, Seitz & Bensinger, Inc. at a residence in Reinholds, Pennsylvania.

5.      On the aforesaid date, while performing surveying work, plaintiff Todd Jacobs sustained permanent and severe personal injuries when electricity was conducted from overhead power lines to a twenty-five foot prism pole that Mr. Jacobs was holding, thereby causing a severe electrical shock injury, requiring extensive surgery, medical treatment and rehabilitation.

6.      Defendant Hixon designed, manufactured, distributed, marketed and sold the twenty-five foot prism pole involved in the accident.  Further, before the accident, defendant Hixon had actual knowledge of the following facts:

(a)      The prism pole was made of a conductive metal material;

(b)      The prism pole would be used by surveyors near overhead power lines;

(c)      If the prism pole came into direct contact with, or in close proximity to, energized, overhead power lines, a surveyor in contact with the pole was at high risk for electrocution or an electrical shock injury;

(d)      Another surveyor, Steven C. Scaccianoce, was knocked unconscious, received severe burns to his arm and back, and lost his hand and a

portion of his forearm when a twenty-five foot prism pole manufactured by defendant Hixon came into contact with, or in close proximity to, energized overhead power lines;

    (e)    There are other telescoping poles used around overhead wires which are made of fiberglass, a non-conductive material.

7.    Defendant Hixon, having undertaken to design, manufacture, market, distribute and sell twenty-five foot prism poles used in surveying, owed a duty to those who used its product to provide a product that was safe for its intended use.

8.    As a result of this accident, plaintiff Todd Jacobs suffered the following injuries, some of which are permanent in nature:

    (a)    Severe burns to right ankle, right leg, right hip and stomach;

    (b)    Severe burns to left foot;

    (c)    Amputation of left pinky toe;

    (d)    Severe burns on left thigh;

    (e)    Severe burns over forty percent of his body;

    (f)    Scarring and disfigurement of his body;

    (g)    Nerve damage to his body;

    (h)    Ongoing burning and sharp pain in his body.

9.    As a result of these injuries, plaintiff Todd Jacobs sustained the following damages:

    (a)    Plaintiff has endured and will continue to endure great pain, suffering, inconvenience, embarrassment, mental anguish, and emotional and psychological trauma;

(b)     Plaintiff has expended and will be required to expend large sums of money for medical treatment and care, hospitalization, medical supplies, surgical appliances, rehabilitation and therapeutic treatments, and other attendant services;

(c)     Plaintiff has sustained and will continue to sustain lost earnings, and his earning capacity may have been reduced and may be permanently impaired;

(d)     Plaintiff has been disfigured;

(e)     The general health, strength, and vitality of plaintiff have been impaired; and

(f)     Plaintiff has been and will in the future be unable to enjoy various pleasures of life that he previously enjoyed.

## COUNT I - NEGLIGENCE

10.    All preceding paragraphs in this Complaint are incorporated here by reference.

11.    The injuries and damages to plaintiff were caused by the negligence of Hixon, through its agents, employees, and servants, generally and in the following particulars:

(a)     failure to manufacture the product out of a non-conductive material;

(b)     failure to equip the product with an insulating sleeve;

(c)     failure to equip the product with a proximity warning device;

(d)     failing to provide appropriate warnings on the device;

(e)      failing to develop a "train the trainer" program to ensure that all customers and users of the product were properly trained;

(f)      failure to provide instructional materials and safety videos with all sales of the product;

(g)      failure to adhere to appropriate engineering and design standards in the design of the product;

(h)      failure to adhere to applicable standards for the creation and testing of adequate product warnings;

(i)      such other acts of carelessness and negligence as may be uncovered through the discovery process.

WHEREFORE, plaintiff claims damages against defendant, Hixon Manufacturing and Supply Company, for an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00).

## COUNT II – STRICT LIABILITY

14.      All preceding paragraphs in this Complaint are incorporated here by reference.

15.      Defendant Hixon is a manufacturer which designed, manufactured, marketed, distributed and sold twenty-five foot prism poles in the regular course of its business.   The prism pole at issue was expected to and did reach plaintiff without substantial change in its condition.

16.      At the time defendant Hixon sold the subject prism pole, it was in a defective condition because of its unsafe and improper design, construction and warnings.

17.      The prism pole's defective condition was a cause of the injuries and damages which plaintiff sustained.

18.    At the time of the accident, the condition of the prism pole had not been substantially changed from its condition when defendant Hixon sold the subject prism pole.

19.    Defendant Hixon is strictly liable to plaintiff for the injuries and damages which he suffered.

WHEREFORE, plaintiff claims damages against defendant, Hixon Manufacturing and Supply Company, for an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00).

## COUNT III - LOSS OF CONSORTIUM

20.    All preceding paragraphs are incorporated here by reference.

21.    Plaintiff Mary Kate Jacobs is married to plaintiff Todd Jacobs, and resides with him in Shoemakersville, Pennsylvania.

22.    Solely as a result of defendant's negligence and other liability-producing conduct, plaintiff Mary Kate Jacobs has suffered the following damages:

(a)    she has been and will be required to expend large sums of money for her husband's surgical and medical care, hospitalization, medical supplies, surgical appliances, medicines, and attendant services; and

(b)    she has been and will be in the future deprived of the services, assistance, and companionship of her husband.

WHEREFORE, plaintiff Mary Kate Jacobs claims damages against defendant Hixon Manufacturing and Supply Company for an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00) in compensatory damages, exclusive of interest and allowable costs of suit, and brings this action to recover same.

SALTZ, MONGELUZZI, BARRETT & BENDESKY, P.C.


By:_____

        Robert J. Mongeluzzi, Esquire
        David L. Kwass, Esquire
        Attorneys for Plaintiffs,
        Todd and Mary Kate Jacobs, h/w